AO 91 (Rev. 11/11)   Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
Southern District of Ohio

| | |
|---|---|
| United States of America | ) |
| v. | ) |
| | ) |
| Yaw Mintah Afari | )  Case No.  **1:24-MJ-00023** |
| | ) |
| | ) |
| | ) |
| | ) |
| _Defendant(s)_ | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of ____various dates in 2021-2023____ in the county of ____(various)____ in the
____Southern____ District of ____Ohio____, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 1001 | false statements |
| 18 U.S.C. § 1542 | passport fraud |
| 18 U.S.C. § 1028A | aggravated identity theft |

This criminal complaint is based on these facts:

(see affidavit)

☑ Continued on the attached sheet.

Michael T Aposporos   Digitally signed by Michael T Aposporos
Date: 2024.01.12 09:34:35 -06'00'

_____
_Complainant's signature_

Special Agent Michael Aposporos
_____
_Printed name and title_

Sworn and subscribed to before me by reliable electronic means, specifically, FaceTime video conference, in accordance with Fed. R. Crim. P. 4.1.

Date:   **Jan 12, 2024**

_Stephanie K. Bowman_
_____
_Judge's signature_

City and state:   ____Cincinnati, Ohio____

Stephanie K. Bowman, U.S. Magistrate Judge
_____
_Printed name and title_

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES<br>v.<br>YAW MINTAH AFARI | Case No. **1:24-MJ-00023**<br><br>**Filed Under Seal** |

### AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Michael Aposporos, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1.      I am a Special Agent with the U.S. Department of State Diplomatic Security Service (DSS) beginning November 1, 2022.  I am a graduate of the Federal Law Enforcement Training Center's Criminal Investigator Training Program and the U.S. State Department Basic Special Agent Course.  I have received and continue to receive, on an ongoing basis, training in the laws, rules, and regulations concerning the issuance and use of U.S. Passports and Visas. I have participated in several investigations, to include those involving passport and visa fraud, counterfeit documents, and identity theft in the course of my duties.  Prior to becoming a Special Agent, I worked as a Fraud Prevention Manager and Passport Adjudicator with the U.S. Department of State for four years.  As a Fraud Prevention Manager my duties included training passport adjudicators to detect fraud indicators on passport applications and manage the fraud detection program at the Washington Passport Agency and Special Issuance Agency.  As a Passport Adjudicator, I evaluated identity and citizenship documents to determine the issuance of U.S. passports.

1

2.     I am familiar with the facts and circumstances of this case. The information contained in this affidavit is either personally known to me, based upon my interview of various witnesses and review of various records and publicly available information, or has been relayed to me by other agents or sworn law enforcement personnel. Because this affidavit is being submitted for the limited purpose of obtaining a criminal complaint and arrest warrant, I have not included each and every fact known to me concerning the investigation. I have set forth only those facts that I believe are necessary to establish probable cause to support the requested complaint and arrest warrant.

3.     Based on my training and experience and the facts as set forth in this affidavit, there is probable cause to believe that violations of 18 U.S.C. § 1001 (False Statements), 18 U.S.C. § 1542 (Passport Fraud), and 18 U.S.C. § 1028A (Aggravated Identity Theft) have been committed by YAW MINTAH AFARI.

**<u>PROBABLE CAUSE</u>**

4.     Briefly stated, there is probable cause to believe that YAW MINTAH AFARI used another person's identity over a period of many years.

5.     AFARI was born in Ghana in 1977.  He entered the United States in March 1999 on a visitor's visa.  He overstayed his three-month visa.

2

6.    In July 1999, AFARI obtained a driver's license in Virginia with his photo:



7.    In July 2001, AFARI was charged with assault in Fairfax, Virginia.

8.    At some point thereafter, AFARI stole the identity of his acquaintance, whose initials are A.D.  Virginia driver's license records show that the two men lived on the same street. In addition, when A.D. was interviewed recently, he told investigators that he had met AFARI through a mutual acquaintance.

9.    On May 25, 2007, AFARI was arrested in Dekalb County, Georgia on fraud charges (case 09CR4113), but he identified himself using A.D.'s name and birth date.  He was fingerprinted and photographed:



3

10. It appears that AFARI's use of A.D.'s identity first came to light on or about March 3, 2009. According to a police report from Dekalb County, Georgia, officers learned that AFARI had used A.D.'s identity in connection with various arrests.

11. On June 30, 2009, AFARI was sentenced in Gwinnett County, Georgia case 09-B-1908-6. He pled guilty to theft. According to a transcript of the hearing, AFARI was placed under oath and admitted that he used the names A.D. and YAW AFARI, though he falsely stated that "Andrew" was his real name. The court imposed a five-year sentence, with six months in custody and the balance to be served on probation.

12. On December 15, 2009, AFARI was sentenced in Dekalb County, Georgia cases 09CR4113 and 09CR5103. He was sentenced to six years in prison for fraud and forgery in case 09CR4113. He was sentenced to 15 years on probation for theft, forgery, and fraud in case 09CR5103. Although he was charged under A.D.'s name in both cases, the judgments in each case indicate that his correct name is "YAWMINTA AFARI."

13. The Georgia Department of Corrections maintained this photograph of AFARI (a/k/a A.D.) from his incarceration.



4

14.     Records from the Social Security Administration demonstrate that AFARI applied for two replacement Social Security cards under A.D.'s identity while he was in prison in Georgia. The first application was dated September 29, 2010 and the second was dated December 14, 2011. On both applications, the applicant's address is listed as a PO Box for a state prison in Georgia. On both applications, the applicant's proof of identity is listed as Georgia state prisoner ID number 1000034771. According to records from the Georgia Department of Corrections, this number is associated with AFARI (a/k/a A.D.).

15.     According to records from the Georgia Department of Corrections, AFARI was paroled on or about February 1, 2012.

16.     AFARI (posing as A.D.) apparently moved to the Cincinnati area at some point in 2018 or 2019. Ohio Law Enforcement Gateway (OHLEG) records reflect some driving infractions under A.D.'s identity in 2019. Hamilton County Probate Court records reflect a marriage certificate for A.D. and a woman with the initials D.M. on August 17, 2019.

17.     On January 22, 2021, AFARI (posing as A.D.) obtained a replacement Social Security card from the Cincinnati (North) Social Security office. He identified himself as A.D. As proof of identity, he submitted the August 17, 2019 marriage certificate.

18.     On February 19, 2022, AFARI submitted a passport application in Hamilton County, Ohio in the name of A.D., with A.D.'s date of birth and Social Security number. AFARI, posing as A.D., claimed that his prior passport was lost in or about April 2020.[1] In support of the application, AFARI submitted an affidavit from D.M., the woman he married when he was posing as A.D. In the affidavit, D.M. said she was the applicant's wife and he was a U.S. citizen or

---

[1] In reality, there was no valid passport for A.D. in April 2020. The real A.D. obtained a passport in 2007, which expired in 2017. He obtained a new passport in November 2021. The real A.D. showed both of these passports to investigators when they interviewed him.

5

national. The passport application contained this photograph of AFARI posing as A.D.:



19. The passport application was flagged because the real A.D. had recently obtained a passport. The State Department's Diplomatic Security Service launched an investigation. On July 30, 2022, agents interviewed the real A.D. in Virginia. As proof of his identity, A.D. presented a variety of documents, including a certified copy of his birth certificate, a passport issued in 1994, another passport issued in 2000, a passport issued in 2007, a passport issued in 2021, his 2020 federal tax return, and a police report he filed in 2013 complaining that he was a victim of identity theft, among other documents. A.D. also allowed the agents to take his fingerprints.

20. A.D. explained that he has been seriously impacted by having his identity stolen. For example, he stated that he was arrested in 2009 for a warrant from Stone Mountain, Georgia for a crime that AFARI committed under A.D.'s identity. He had to travel to Georgia to clear that up. He later had to travel to Georgia a second time and take a DNA test to prove that he was not liable for child support payments for a child that AFARI fathered under A.D.'s name. A.D. also explained that he lost his job as an Uber driver because of the criminal record that AFARI compiled under A.D.'s identity.

21. A.D. explained that he knew AFARI when they were younger and they both lived

in the same town in Virginia. A.D. explained that he has continuously lived in Virginia since he arrived in the United States. This is corroborated by various government records. For example, in 2007, A.D. was naturalized in Virginia and he obtained a Social Security card in Virginia; meanwhile in 2007, AFARI (posing as A.D.) was arrested in Georgia. As another example, A.D. obtained another replacement Social Security card in February 2018 in Virginia; that same month, AFARI (posing as A.D.) was sentenced in a criminal case in Georgia. As a third example, A.D. was photographed for his driver's license in Virginia in December 2021 and he was interviewed by investigators in Virginia in July 2022; in that same time frame, AFARI (posing as A.D.) applied for a passport in Cincinnati in February 2022. In short, the evidence corroborates A.D.'s claim that he has lived in Virginia continuously while AFARI has used A.D.'s identity in Georgia and Ohio.

22.    On October 13, 2023 a U.S. Department of Homeland Security forensic laboratory compared the May 25, 2007 fingerprints from AFARI's arrest under A.D.'s identity in Georgia with two sets of prints under AFARI's true identity, and determined that these three prints were all made by the same person. The fingerprint examiner also reviewed the fingerprints taken from A.D. when he was interviewed on July 30, 2022 and determined that these were made by a different person than the other three aforementioned sets of prints.

## CONCLUSION

23.    Based on the forgoing, I request that the Court issue the proposed complaint and arrest warrant.

## REQUEST FOR SEALING

24.    I further request that the Court order that all papers associated with this criminal complaint, including this affidavit, be sealed until further order of the Court. These documents discuss an

ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may give targets an opportunity to flee/continue flight from prosecution, destroy or tamper with evidence, change patterns of behavior, notify confederates, or otherwise seriously jeopardize the investigation.

Respectfully submitted,

Michael T Aposporos

Digitally signed by Michael T Aposporos
Date: 2024.01.12 09:34:01 -06'00'

Michael T. Aposporos
Special Agent
Diplomatic Security Service

Subscribed and sworn to before me by reliable electronic means, specifically, FaceTime video conference on January __12__, 2024.

HON. STEPHANIE K. BOWMAN
UNITED STATES MAGISTRATE JUDGE

8